IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LORETTA M. KENNY, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 08-365-JJF |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : |
| Defendant. | : |

Karen Y. Vicks, Esquire of THE LAW OFFICE OF KAREN Y. VICKS, LLC, Dover, Delaware.
Of Counsel: David F. Chermol, Esquire of CHERMOL & FISHMAN, LLC, Philadelphia, Pennsylvania.

Attorney for Plaintiff.

David C. Weiss, Esquire, United States Attorney, and Dina White Griffin, Esquire, Special Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware. Of Counsel: Eric P. Kressman, Esquire, Acting Regional Chief Counsel of the SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania.

Attorneys for Defendant.

**MEMORANDUM OPINION**

April 30, 2010
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court is an appeal pursuant to 42 U.S.C. § 405(g) filed by Plaintiff, Loretta M. Kenny, seeking review of the final administrative decision of the Commissioner of the Social Security Administration (the "Administration") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-433. Plaintiff has filed a Motion For Summary Judgment (D.I. 16) requesting the Court to reverse the decision of the Commissioner and direct an award of benefits, or in the alternative, to remand this matter to the Administration for further development and analysis. In response to Plaintiff's Motion, Defendant has filed a Cross-Motion For Summary Judgment (D.I. 18) requesting the Court to affirm the Commissioner's decision. For the reasons set forth below, Defendant's Cross-Motion For Summary Judgment will be denied, and Plaintiff's Motion For Summary Judgment will be granted. The decision of the Commissioner dated December 19, 2007, will be reversed, and this matter will be remanded to the Commissioner for further findings and/or proceedings consistent with this Memorandum Opinion.

## BACKGROUND

I. Procedural Background

Plaintiff filed her application for DIB on August 10, 2005, alleging disability since January 31, 2005, due to a back injury

1

and nerve damage in her right leg. (Tr. 31, 35). Plaintiff's application was denied initially and upon reconsideration. (Tr. 31, 33-35, 39-41). Thereafter, Plaintiff requested a hearing before an administrative law judge (the "A.L.J."). On December 19, 2007, the A.L.J. issued a decision denying Plaintiff's application for DIB. (Tr. 14-25). Following the unfavorable decision, Plaintiff timely appealed to the Appeals Council. (Tr. 6-7). The Appeals Council denied Plaintiff's request for review, and the A.L.J.'s decision became the final decision of the Commissioner. Sims v. Apfel, 530 U.S. 103, 107 (2000).

After completing the process of administrative review, Plaintiff filed the instant civil action pursuant to 42 U.S.C. § 405(g) seeking review of the A.L.J.'s decision denying his claim for SSI. In response to the Complaint, Defendant filed an Answer (D.I. 11) and the Transcript (D.I. 13) of the proceedings at the administrative level.

Thereafter, Plaintiff filed a Motion For Summary Judgment and Opening Brief in support of the Motion. In response, Defendant filed a Cross-Motion For Summary Judgment and a Combined Opening Brief in support of his Cross-Motion and Opposition to Plaintiff's Motion requesting the Court to affirm the A.L.J.'s decision. Plaintiff has filed a Reply Brief. Accordingly, the Court will proceed to address the merits of Plaintiff's claims.

2

## II. Factual Background

### A. Plaintiff's Medical History, Condition and Treatment

At the time of the A.L.J.'s decision, Plaintiff was 48 years old and defined as a younger individual under 20 C.F.R. § 404.1563(c). (Tr. 14-25, 55). Plaintiff completed high school and some college courses and has past work experience as a medical receptionist, a bridal registry consultant and a cosmetics salesperson. (Tr. 353-355).

By way of brief summary, Plaintiff has a significant medical history related to back pain. She underwent a laminectomy and diskectomy in April 2005, and a revised decompression with fusion in September 2005. She has been treated with medications, physical therapy and numerous epidural injections. All of her treating physicians and physical therapists have opined that she is significantly limited in several areas and unable to return to work.

In addition to the foregoing, Plaintiff has undergone treatment for reactive depression and anxiety associated with her chronic pain. She was prescribed anti-depressant medication and has been referred for psychological counseling. Plaintiff attended a few visits, but could not make her appointments because her family has only one car.

3

B. The A.L.J.'s Decision

At the hearing, Plaintiff was represented by counsel, and Plaintiff testified. The A.L.J. consulted a vocational expert and asked her to consider a hypothetical person with degenerative disc disease who has had the same surgical procedures as Plaintiff but

> still some pain and discomfort of moderate nature, severe on occassion, with some left-side sciatica and radiation per the record. Somewhat relieved by her medications without significant side effects, but she indicates in her testimony she derives [sic] from constant patient and memory problems, along with dry mouth and fatigue. . . . [S]he requires a lifting level of about ten pounds on an occasional basis, lesser amounts frequently, and stand for 15 to 20 minutes at a time, and sit for 20 to 15 minutes at a time, consistently or on an alternate basis during an eight hour day. Would have to avoid heights and hazardous machinery, temperature and humidity extremes, and no prolonged climbing, balancing, stooping. And by that I mean no more than once or twice an hour. Avoid stair climbing, vibrations, but would seem to be able to do sedentary work activity with her limitations.

(Tr. 370). In response, the vocational expert identified at least three jobs such a person could perform: (1) information clerk with 350 jobs locally and 150,000 jobs nationally, (2) office helper with 700 jobs locally and 220,000 jobs nationally, and (3) order clerk with 350 jobs locally and 150,000 jobs nationally. (Tr. 370-371).

In his decision dated December 19, 2007, the A.L.J. found that Plaintiff suffered from degenerative disc disease status post laminectomy and fusion. The A.L.J. further found that

4

Plaintiff had

> the residual functional capacity to perform sedentary work except: moderate pain and discomfort that is severe on occasion; left side sciatica; pain somewhat relieved by medication; memory problems and fatigue; lifting 10 pounds occasionally and lesser amounts frequently; stand 15-20 minutes at a time; sit 15-20 minutes at a time; avoid heights, hazardous machinery and extremes in temperature and humidity; once or twice an hour climbing, balancing and stooping; no stairs, climbing and vibration; and sit or stand as needed.

(Tr. 21). Based on this residual functional capacity, the A.L.J. determined that Plaintiff could not perform her past relevant work, but could perform a number of other jobs existing in significant numbers in the national economy. Accordingly, the A.L.J. concluded that Plaintiff was not under a disability within the meaning of the Act.

## STANDARD OF REVIEW

Findings of fact made by the Commissioner of Social Security are conclusive, if they are supported by substantial evidence. Accordingly, judicial review of the Commissioner's decision is limited to determining whether "substantial evidence" supports the decision. Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). In making this determination, a reviewing court may not undertake a de novo review of the Commissioner's decision and may not re-weigh the evidence of record. Id. In other words, even if the reviewing court would have decided the case differently, the Commissioner's decision must be affirmed if it is supported by substantial evidence. Id. at 1190-91.

The term "substantial evidence" is defined as less than a preponderance of the evidence, but more than a mere scintilla of evidence. As the United States Supreme Court has noted, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 555 (1988).

With regard to the Supreme Court's definition of "substantial evidence," the Court of Appeals for the Third Circuit has further instructed, "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores or fails to resolve a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence . . . or if it really constitutes not evidence but mere conclusion." Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983). Thus, the substantial evidence standard embraces a qualitative review of the evidence, and not merely a quantitative approach. Id.; Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

## DISCUSSION

### I. Evaluation Of Disability Claims

Within the meaning of social security law, a "disability" is defined as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental

6

impairment, which can be expected to result in death, or which has lasted or can be expected to last, for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3). To be found disabled, an individual must have a "severe impairment" which precludes the individual from performing previous work or any other "substantial gainful activity which exists in the national economy." 20 C.F.R. §§ 404.1505, 416.905. In order to qualify for disability insurance benefits, the claimant must establish that he or she was disabled prior to the date he or she was last insured. 20 C.F.R. § 404.131, Matullo v. Bowen, 926 F.2d 240, 244 (3d Cir. 1990). The claimant bears the initial burden of proving disability. 20 C.F.R. §§ 404.1512(a), 416.912(a); Podeworthy v. Harris, 745 F.2d 210, 217 (3d Cir. 1984).

In determining whether a person is disabled, the Regulations require the A.L.J. to perform a sequential five-step analysis. 20 C.F.R. §§ 404.1520, 416.920. In step one, the A.L.J. must determine whether the claimant is currently engaged in substantial gainful activity. In step two, the A.L.J. must determine whether the claimant is suffering from a severe impairment. If the claimant fails to show that his or her impairment is severe, he or she is ineligible for benefits. Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

If the claimant's impairment is severe, the A.L.J. proceeds to step three. In step three, the A.L.J. must compare the medical evidence of the claimant's impairment with a list of impairments presumed severe enough to preclude any substantial gainful work. Id. at 428. If the claimant's impairment meets or equals a listed impairment, the claimant is considered disabled. If the claimant's impairment does not meet or equal a listed impairment, the A.L.J.'s analysis proceeds to steps four and five. Id.

In step four, the A.L.J. is required to consider whether the claimant retains the residual functional capacity to perform his or her past relevant work. Id. The claimant bears the burden of establishing that he or she cannot return to his or her past relevant work. Id.

In step five, the A.L.J. must consider whether the claimant is capable of performing any other available work in the national economy. At this stage the burden of production shifts to the Commissioner, who must show that the claimant is capable of performing other work if the claimant's disability claim is to be denied. Id. Specifically, the A.L.J. must find that there are other jobs existing in significant numbers in the national economy, which the claimant can perform consistent with the claimant's medical impairments, age, education, past work experience and residual functional capacity. Id. In making this

8

determination, the A.L.J. must analyze the cumulative effect of all of the claimant's impairments. At this step, the A.L.J. often seeks the assistance of a vocational expert. Id. at 428.

## II. Whether The A.L.J.'s Decision Is Supported By Substantial Evidence

By her Motion, Plaintiff contends that the A.L.J.'s decision is not supported by substantial evidence and contains several legal flaws. Specifically, Plaintiff contends that the A.L.J. (1) failed to discuss and weigh numerous opinions from Plaintiff's treating physicians; (2) substituted his own lay opinion for the unanimous opinions of her treating physicians; (3) failed to determine whether Plaintiff was disabled for at least twelve months; (4) failed to develop the record regarding Plaintiff's mental impairments; and (5) failed to include all of Plaintiff's established limitations in the hypothetical to the vocational expert.

The Court has reviewed the decision of the A.L.J. in light of the record evidence and concludes that a remand of this matter is necessary to address several deficient aspects of the decision. "[A]n A.L.J. is not free to employ his own expertise against that of a physician who presents competent medical evidence," and "'cannot reject evidence for no reason or for the wrong reason.'" Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (citations omitted). In this case, the A.L.J. disregarded ten consistent medical opinions regarding Plaintiff's limitations

9

with two inaccurate statements. Specifically, the A.L.J. stated:

> While the claimant and a variety of treating sources have opined that she cannot work there is a paucity of treatment notes to support those opinions. Most importantly, the claimant and her doctors have stated that she is disabled by pain, yet the record shows that her pain is adequately controlled.

(Tr. 24). The A.L.J.'s rationale for rejecting these opinions is based on an incomplete characterization of the record, as well as an erroneous understanding of the applicable legal principles. The A.L.J.'s decision rests on out-of-context snippets from the record, particularly Plaintiff's treatment notes from August 2007 through October 2007. The A.L.J. failed to consider the record as a whole, and importantly, the records and evidence from the 2005 and 2006 time frame, to determine whether Plaintiff had been disabled during the first two years after onset. The Court notes that in the first 12 months following her injury, Plaintiff required two lumbar surgeries (Tr. 133-134, 171-172), at least seven surgically administered epidural injections (Tr. 125-132, 156-170, 263), an extended course of oral steroids (Tr. 255-260), and multiple courses of physical therapy with an ultrasound treatment and the use of a tens unit. (Tr. 188-237, 243, 245-246, 254, 257, 265). Plaintiff was also taking narcotic pain medication, analgesic pain medication, anti-inflammatory medication, nerve pain medication and muscle relaxants during this time frame. (Tr. 241, 244, 258, 263, 292).

In addition, the A.L.J.'s rationale for rejecting these treatment records is erroneous as a matter of law. In <u>Brownawell v. Commissioner of Social Security</u>, the Third Circuit expressly stated that statements that a patient is "stable and well controlled with medication" during treatment do not necessarily support a medical conclusion that the patient can return to work. 554 F.3d 352, 356-357 (3d Cir. 2008) (citing <u>Morales v. Apfel</u>, 225 F.3d 310, 319 (3d Cir. 2000)). Here, the A.L.J. did not cite to any medical opinions to support his conclusion that Plaintiff could return to work, not even any opinions of state agency physicians. Rather, it appears to the Court, that the A.L.J. attempted to rely on his interpretation of the medical treatment record, which is impermissible as a matter of law. <u>See</u>, e.g. <u>Plummer</u>, 186 F.3d at 429; <u>Frankenfield v. Bowen</u>, 861 F.2d 405, 408 (3d Cir. 1988) (holding that "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence" and requiring A.L.J. to point to such evidence in his decision).

Further, the A.L.J.'s vague and blanketed assessment of the treating medical source opinions gave no indication as to how the A.L.J. was weighing the opinions or which opinions he was rejecting. The A.L.J. failed to offer any detailed explanation of what evidence contradicted these opinions. Without any such detail, the Court concludes that the A.L.J.'s analysis is

11

deficient as a matter of law. See Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) ("An A.L.J. may not reject a physician's findings unless he first weighs them against other relevant evidence and explains why certain evidence has been accepted and why other evidence has been rejected.").

In addition, to these errors, the Court concludes that the A.L.J. failed to develop the record as it pertains to Plaintiff's alleged mental impairments before categorizing those impairments as non-severe. Plaintiff has been diagnosed with reactive depression and anxiety associated with chronic pain. (Tr. 317). Plaintiff's mental condition has been acknowledged by numerous physicians, and she has been treated with anti-depressant medication and referred for counseling. (Tr. 272-273, 284, 300, 317-318, 339). The A.L.J. failed to mention Plaintiff's anxiety diagnosis and concluded her depression was non-severe, and that she had no episodes of decompensation, no limitations in daily or social functioning and no limitations in concentration, persistence or pace without the benefit of a full record on her condition. The A.L.J. did not contact Plaintiff's medical sources to further develop the record on her condition and did not send Plaintiff for a consultative examination. 20 C.F.R. § 404.1512(f). Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999) (holding that the ALJ has the duty to "develop the record when there is a suggestion of mental impairment by inquiring into the

12

present status of impairment and its possible effects on the claimant's ability to work"); Fred-Perez v. Barnhart, 450 F. Supp. 2d 461 (D. Del. 2006) (holding that where evidence of a mental impairment is presented to the A.L.J., every reasonable effort must be made to ensure completion of medical portion of case review and residual functional capacity assessment by a qualified psychologist or psychiatrist) (citations omitted).

The Court also concludes that the A.L.J. failed to pose a proper hypothetical question to the vocational expert. A hypothetical question posed to a vocational expert must reflect all of a claimant's limitations for the vocational expert's response to be considered substantial evidence supporting a determination of disability. Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the A.L.J. noted that Plaintiff suffered from memory problems and fatigue but did not translate those problems into functional limitations for purposes of the hypothetical to the vocational expert. For example, there was no mention of whether Plaintiff was limited in her ability to follow instructions or maintain concentration. Thus, the A.L.J.'s analysis conflicts with the agency's policies on how to assess residual functional capacity. See SSR 96-8p, 1996 WL 374184, *6 (1996) (explaining by way of example that it is not enough for an A.L.J. to note a visual impairment or a mental impairment, but he

13

or she must explain how that impairment relates to the ability to perform work related functions like handling large or small objects, following instructions, remembering instructions and making work-related judgments to name a few such possibly affected limitations).

In sum, the Court cannot conclude that the A.L.J.'s decision is supported by substantial evidence. Although Plaintiff has requested a direct award of benefits, the Court finds that the record requires development regarding Plaintiff's alleged mental impairment and that the errors identified above require correction by the A.L.J. in the first instance so that proper evidence may be garnered from a vocational expert. Accordingly, the Court will remand this matter to the Commissioner for further findings and/or proceedings consistent with this Memorandum Opinion.

## CONCLUSION

For the reasons discussed, the Court will grant Plaintiff's Motion For Summary Judgment and deny Defendant's Cross-Motion For Summary Judgment. The decision of the Commissioner dated December 19, 2007 will be reversed and remanded to the Commissioner for further findings and/or proceedings consistent with this Memorandum Opinion.

An appropriate Order will be entered.